P6CBKHAC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

                    v.                          25 Cr. 63 (PGG)

MUHAMMAD SHAZEB KHAN,



                    Defendant.

                                                Arraignment
------------------------------x

                                                New York, N.Y.
                                                June 12, 2025
                                                12:00 p.m.

Before:

                    HON. PAUL G. GARDEPHE,

                                                District Judge

                          APPEARANCES

JAY CLAYTON
        United States Attorney for the
        Southern District of New York
BY:   DAVID J. ROBLES
        KAYLAN E. LASKY
        Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
        Attorneys for Defendant
BY:   ANDREW DALAK
        MARNE LENOX

                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

P6CBKHAC

(Case called)

THE DEPUTY CLERK:  Counsel, note your appearance.

MR. ROBLES:  Good afternoon, your Honor.

David Robles and Kaylan Lasky for the government.

MR. DALAK:  Good afternoon, Judge.

Andrew Dalak and Marne Lenox, Federal Defenders of New York, on behalf of the defendant.

THE COURT:  Please be seated.

We're here for purposes of arraigning the defendant on the indictment.  Mr. Khan, you're here with Mr. Dalak and Ms. Lenox as your attorneys.  Is that correct?

THE DEFENDANT:  Yes.

THE COURT:  Sir, have you received a copy of the indictment which reflects the charges against you?

THE DEFENDANT:  Yes, I have.

THE COURT:  And have you had an opportunity to read the indictment?

THE DEFENDANT:  Yes.

THE COURT:  And have you discussed the indictment with Mr. Dalak and Ms. Lenox?

THE DEFENDANT:  Yes, I have.

THE COURT:  You should understand that in Count One of the indictment the government says that from about November 2023 to about September 2024, you knowingly and intentionally attempted to provide material support or resources to the ISIS,

P6CBKHAC

a designated foreign terrorist organization.

In Count Two of the indictment, the government says that from about November 2023 to about September 2024, you knowingly attempted to kill, kidnap, maim, commit an assault resulting in serious bodily injury, and assault with a dangerous weapon any persons in the United States, in violation of U.S. and New York law, in circumstances involving conduct that transcended national boundaries, and which involve use of cell phones and the internet.

Do you understand that these are the charges against you in the indictment?

THE DEFENDANT:  Yes, I do.

THE COURT:  Do you wish me to read the indictment to you now here in open court?

MR. DALAK:  We waive its public reading, your Honor.

THE COURT:  Is that true, Mr. Khan, you don't need me to read the indictment to you now?

THE DEFENDANT:  No.

THE COURT:  All right.  Then I'll ask you as to each count how do you plead guilty or not guilty.

Beginning with Count One, guilty or not guilty?

THE DEFENDANT:  Not guilty.

THE COURT:  And as to Count Two, guilty or not guilty?

THE DEFENDANT:  Not guilty.

THE COURT:  All right.  Let me ask you, Mr. Robles,

P6CBKHAC

did the magistrate address Rule 5F yesterday when the defendant was presented?

MR. ROBLES:  No, your Honor.

THE COURT:  All right.  As required by Rule 5F of the Federal Rules of Criminal Procedure, I do direct the government to comply with its obligations under *Brady v. Maryland* and its progeny, to disclose to the defense all information, whether admissible or not, that is favorable to the defendant, material either to guilt or to punishment and known to the government. Possible consequences for noncompliance with this order may include dismissal of charges, exclusion of evidence and professional discipline or court sanction on the attorney or attorneys responsible.

After these proceedings, I will enter a written order that more fully describes the government's obligations and the possible consequences of failing to meet those obligations. And I direct the government to review and comply with that order.

Mr. Robles, does the government confirm that it understands its obligations and it will fulfill them?

MR. ROBLES:  Yes, your Honor.

THE COURT:  All right.

Can I hear from you, sir, as to the nature and magnitude of discovery material?

MR. ROBLES:  Yes, your Honor.

P6CBKHAC

The parties have had preliminary discussions about the discovery and have a joint proposal for the Court to consider. The government first anticipates sending a proposed protective order to defense counsel either later this week or early next week with the anticipation the parties can submit a protective order governing discovery on consent to the Court sometime next week.

Pending the entry of that protective order, the government anticipates that it will be able to complete or substantially complete the production of any Rule 16 material in the government's possession, including the possession of the FBI within approximately 60 days with rolling productions to begin as soon as within the next two weeks.

The discovery consist primarily of numerous electronic and audio communications with between the defendant and undercover officers, search warrant applications and their associate returns, which include the contents of the defendant's cloud accounts, email accounts and social media accounts, subpoena returns with subscriber and account information for those various accounts, materials that relate to the defendant's arrest and extradition from Canada, and a portion of the materials maintained in the FBI's case file.

I will note as I noted for defense counsel as well that the government is continuing to assess whether there will be a need for any classified discovery in this case. We'll

P6CBKHAC

maintain an open line of communication with defense counsel about that and properly inform the Court to the extent we have any issues in that regard. And finally the government anticipates requesting materials from Canadian law enforcement authorities, including any items that may have been seized from the defendant at the time of his September 4 arrest in Canada. And to the extent the government receives any of those materials that it deems to be discoverable, it will properly produce those.

THE COURT: Now, is that gonna include devices? Do you know whether devices were seized from the defendant at the time of his arrest?

MR. ROBLES: My understanding is that it does include electronic devices.

THE DEFENDANT: It does?

MR. ROBLES: That it does.

THE COURT: Okay. All right.

Mr. Dalak, having heard this description of the discovery materials and the government's proposal to make substantially complete discovery within 60 days, when do you suggest that we meet again?

MR. DALAK: Thanks, Judge.

We've had a chance to communicate with government counsel, and we propose returning back to the Court, 10 a.m. on September 18 for a status conference.

P6CBKHAC

THE COURT:  All right.

So today is June 12, so 60 days would bring us to about August 12, so that would give defense counsel I guess a little over five weeks to review.  Well, it's gonna be rolling, so they'll be able to start reviewing stuff hopefully within a couple of weeks.

So, Mr. Dalak, you believe that period of time will give you at least initially adequate time to begin your survey of the evidence?

MR. DALAK:  If I can have a moment to confer with Ms. Lenox?

THE COURT:  Yes.

(Counsel conferred)

MR. DALAK:  Thanks, Judge.

We do hope, it's our intention that we'll be able to review the materials by that date and then have a sense of what direction any Rule 12 motions are headed.  But to the extent that's not the case, we'll be sure to write the Court well in advance of September 18 with a proposed adjournment.

THE COURT:  When we meet next, I do want to be able to have a discussion about any anticipated pretrial motions, so please do keep that in mind.

MR. DALAK:  Absolutely.

THE COURT:  I assume the government wishes me to exclude time between now and September 18?

P6CBKHAC

MR. ROBLES:  Yes, your Honor.

The government would ask the Court to exclude time under the Speedy Trial Act so that the defense can begin reviewing discovery and consider any potential pretrial motion.

THE COURT:  Any objection, Mr. Dalak?

MR. DALAK:  No objections, Judge.

THE COURT:  I will exclude time between today and September 18, 2025, under the Speedy Trial Act pursuant to Title 18, United States Code, Section 3161(h)(7)(A) to permit defense counsel to review the discovery materials that have been described by the government, and to determine whether there will be any pretrial motions.

I do find that the ends of justice served by the granting of this continuance outweigh the best interest of the public and the defendant in a speedy trial.

Mr. Robles, anything else from the government?

MR. ROBLES:  Nothing further, your Honor.

THE COURT:  Mr. Dalak, anything further from the defense?

MR. DALAK:  No, Judge.  Thank you.

THE COURT:  We are adjourned.

(Adjourned)